The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH CERKEZOGLU, on behalf of herself and on behalf of all others similarly situated,

Plaintiff,

vs.

FEDERICI BRANDS LLC,

Defendant.

No. 3:25-cv-06108-DGE

**PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

## I.    INTRODUCTION

Pursuant to this Court's December 19, 2025 Order (Dkt. 14), and by agreement of the parties to extend the Initial Scheduling Dates reflected in the Court's March 30, 2026, entry, Plaintiff Deborah Cerkezoglu ("Plaintiff") and Defendant Federici Brands LLC ("Defendant"), present this Joint Status Report, pursuant to Fed. R. Civ. P. 26(f). The parties conferred by videoconference on Tuesday, May 5, 2026, in a Rule 26(f) conference about the topics recited in this report.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 1

## II.    **JOINT STATUS REPORT**

### 1.    **A statement of the nature and complexity of the case.**

Plaintiff's Statement: This is a proposed class action case originally filed on November 7, 2025, in Washington Superior Court, Grays Harbor County (Case No. 25-2-00639-14). The case was removed to this Court by Defendant on December 8, 2025. Dkt. 1.

Plaintiff has pled claims against Defendant on behalf of herself and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally id*. Plaintiff alleges, in summary, that Defendant engages in a pattern of spamming Plaintiff and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id.* at ¶¶ 30-59. As pled by Plaintiff, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a *per se* violation of the CPA. *Id.* at ¶¶ 117, 119-128.

Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint on January 23, 2026. Dkt. 15. The Motion to Dismiss has been fully briefed.

Defendant's Statement: Defendant denies any wrongdoing, liability, or that Plaintiff or the proposed class are entitled to any relief. Defendant sends marketing emails regarding available promotions on its merchandise to individuals who opt into receiving these emails. Defendant denies that its emails are false or misleading or otherwise violate Washington law and denies that Plaintiff is entitled to damages or injunctive relief. To the extent Plaintiff states a claim under CEMA, that claim is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") and violates the dormant Commerce Clause. Moreover, given the Washington State Supreme Court's recent decision in *Montes v. SPARC Group LLC*, -- P.3d --, 2026 WL 900481, Plaintiff's claim fails because she does not allege (and cannot establish) the

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 2

requisite injury to business or property necessary to support a CPA claim. With no CEMA claim, the CPA claim necessarily fails.

No class should be certified as no feasible means exist to identify which emails were received, read, or relied on by any individual, let alone by Washington residents located in Washington.

**2.      Proposed deadline for the joining of additional parties.**

Plaintiff's Position: Plaintiff proposes that the deadline to join additional parties will be 90 days prior to the close of discovery.

Defendant's Position: Defendant proposes that the deadline to join additional parties be 60 days after the Court has ruled on Defendant's pending Motion to Dismiss (Dkt. 15).

**3.      Consent to case assignment to magistrate judge.**

No.

**4.      Discovery Plan.**

**A.  Initial Disclosures;**

The parties exchanged their initial disclosures by the May 13, 2026 deadline set forth in the Court's March 30, 2026 Minute Order resetting FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report.

**B.  Subjects, timing, and potential phasing of discovery;**

Plaintiff's Position: Plaintiff seeks discovery regarding Defendant's email marketing campaigns, all interactions with the Plaintiff, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of the Defendant in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) all data

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 3

showing how the email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiff opposes any phasing of discovery as it is often impossible to differentiate what discovery relates to the merits and what relates to class certification (often because it is frequently both). Phasing can also be inefficient because it could mean that a person is deposed in the class certification phase and then again in the merits phase. It also frequently leads to more disputes and more burden on this Court to resolve those disputes. Plaintiff is willing to consider any request by Defendant to delay responding to specific requests or interrogatories until after class certification, but Plaintiff does not agree to a discovery plan that would provide for separate and discrete class and merits discovery phases.

Plaintiff proposes that discovery should be completed within ten (10) months of the Court's decision on Defendants' Motion to Dismiss Plaintiff's Complaint.

Defendant's Position: Defendant objects to conducting discovery while Defendant's Motion to Dismiss is pending. Plaintiff's recently served initial discovery requests are overbroad and disproportionate to the needs of the case, especially as the Parties await the Court's ruling on the Motion to Dismiss, which sets forth multiple dispositive grounds for dismissal. *See, e.g.*, *Flaxman v. Ferguson*, 2023 WL 8598810, at *1 (W.D. Wash. Dec. 12, 2023) ("Where discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances 'the goals of efficiency for the court and litigants.'" (citations omitted)). The Court's ruling may dispose of Plaintiff's Complaint in its entirety, eliminating the need for discovery and avoiding unnecessary discovery disputes that could burden the Court in the interim.

If the case proceeds to discovery, Defendant anticipates seeking discovery on all subjects related to Plaintiff's claims and Defendant's defenses, including, but not limited to:

- Plaintiff's email account(s) and records;
- Documents and testimony from Plaintiff related to Defendant, including her communications, purchases, and relationship with Defendant;
- Documents and testimony from Plaintiff related to the emails alleged in the

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 4

Complaint, including whether she received, opened, read, or relied on the emails and where she was located and resided when she did so, and whether she incurred any injury to business or property caused by the emails;

- Documents and testimony from Plaintiff relating to her suitability to serve as a class representative;

- The terms of Plaintiff's engagement of counsel in this lawsuit and pre-engagement communications with counsel.

## C. Electronically stored information.

If discovery proceeds or the parties voluntarily agree to share information, the parties anticipate the exchange of some Electronically Stored Information ("ESI") and are currently negotiating a modified version of the Model Protocol for Discovery of ESI. The parties agree that all discoverable ESI will be preserved and that, to identify discoverable ESI, the parties will work cooperatively to determine the location of ESI and whether ESI should be produced in native or other formats.

## D. Privilege issues.

The parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. The parties will use the Court's model stipulated protective order in submitting their proposed stipulation, and, if any changes are proposed to the model stipulated protective order, the parties will abide by the Court's rules in submitting.

The parties are presently unaware of any unique or specific issues of privilege in this case and will confer in good faith on negotiating a Stipulated Protective Order. The parties will make claims of privilege or of protection of trial preparation materials at the time of production, and will confer, based on the nature, scope, and volume of the specific documents produced, on an appropriate format and timing for preparing and providing any privilege log. The parties agree to comply with Fed. R. Civ. Evid. 502 regarding the inadvertent disclosure of privileged information.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 5

**E.  Proposed limitations on discovery.**

Plaintiff's Position: Plaintiff does not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Plaintiff reserves the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

**F.  Defendant's Position:** *See* **Section 4.B above. Defendant requests that the Court stay all discovery pending resolution of its Motion to Dismiss (Dkt. 15). Need for any discovery related orders.**

Plaintiff's Position: Plaintiff does not anticipate the need for any discovery-related orders at this time but will seek Court intervention on discovery-related issues if necessary.

Defendant's Position: Defendant will move for a stay of all discovery pending the resolution of its Motion to Dismiss (Dkt. 15). *See* Section 4.B above.

**5.  Local Rule 26(f)(1) Topics.**

**A.  Prompt case resolution.**

The parties will work efficiently to resolve any disputed issues in this case and believe that it is too early to assess prompt case resolution at this point.

**B.  Alternative dispute resolution.**

The parties agree that private mediation would likely suit the needs of this case, should the case proceed beyond the pleadings.

**C.  Related cases.**

The parties are unaware of any related cases pending before this Court or cases in other jurisdictions involving the specific issues in this case.

**D.  Discovery management.**

The parties intend to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure. The parties intend to take discovery on the claims and defenses asserted in the operative pleadings. The parties also intend to cooperate in managing discovery efficiently. The

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 6

parties will request case management conferences as needed with the Court to move discovery forward.

**E. Anticipated discovery sought.**

Plaintiff's Position: *See* Section 4.B above. Plaintiff anticipates ESI discovery from Defendant. The parties expect to exchange written discovery, expert reports, and take fact and expert witness depositions. This includes individual and class wide discovery occurring simultaneously because discovery will overlap greatly, if not entirely.

Defendant's Position: *See* Section 4.B above.

**F. Phasing motions.**

Plaintiff's Position: Defendant's Motion to Dismiss is currently pending before this Court and is fully briefed. The next instrumental motion briefing will likely be Plaintiff's Motion for Class Certification.

Defendant's Position: Defendant's Motion to Dismiss is fully briefed and pending before the Court. Defendant will move for a stay of all discovery pending the resolution of its Motion to Dismiss. If discovery is not stayed, Defendant requests that the Court enter a Scheduling Order that addresses matters through class certification, and that dispositive motions concerning one or more issues may be filed at different stages of the litigation prior to or after class certification, if it appears it will streamline or simplify the issues for class certification or trial. To that end, Defendant proposes that the Court's schedule specify deadlines for: (a) dispositive motions that could affect class certification, to the extent it would be most efficient for such motions to be resolved before class certification is briefed, and (b) either party to file any motion directed at opposing party's experts pertaining to class certification.

**G. Preservation of discoverable information.**

The parties are aware of their respective preservation obligations. At this time, there are no issues on the preservation of discoverable information.

**H. Privilege issues.**

The parties refer to their statement in Section 4.D above.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 7

**I. Model Protocol for Discovery of ESI.**

The parties refer to their statement in Section 4.C above.

**J.  Alternatives to Model Protocol.**

The parties agree to abide by the Local Civil Rule 26(f)(1)(J) if alternatives need to be made to the Model Protocol and will meet and confer to agree on any alternatives submitted as a stipulation.

**6.    The date by which discovery can be completed.**

**7.    The parties propose that discovery should be completed within ten (10) months of the Court's decision on Defendant's Motion to Dismiss Plaintiff's Complaint.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

Plaintiff's Position: Plaintiff opposes any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See* Section 4.B above.

**8.    Defendant's Position: Defendant proposes staying discovery pending resolution of Defendant's Motion to Dismiss, given that the Court's ruling may dispense with the entire case. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

At this time, the parties do not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. The parties reserve the right to amend later if it becomes too burdensome.

**9.    Any other suggestions for shortening or simplifying the case.**

The parties do not currently have other suggestions for simplifying or shortening the case.

Plaintiff anticipates filing a Motion for Class Certification of this matter, after the close of discovery.

The parties propose that the Motion be filed **30 days after the close of discovery**, with Defendant's response due on or before **60 days** after the Motion is filed, and Plaintiff's reply in further support due on or before **30 days** after the filing of a response.

**10.    The date the case will be ready for trial.**

Plaintiff's Position: Plaintiff anticipates that this case will be ready for trial within **sixteen (16) months** of the Court's decision on Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 15). The need for additional time past the filing of this Joint Report is for a few reasons. The first being the complexity of the issues of this case and need for extensive discovery on both liability and damages. Second, Plaintiff will move for class certification which will take a few months for the parties to brief, for the motion to be heard, and a decision entered by the Court. Third, Defendant filed a Motion to Dismiss Plaintiff's Complaint which is fully briefed but yet to be ruled on by the Court. Plaintiff intends to push discovery and litigation in this case, but based on prior experience, the parties will likely need additional time to complete discovery and be prepared for trial.

Defendant's Position: Defendant proposes that, after the Court's ruling on Plaintiff's anticipated Motion for Class Certification, the Parties meet and confer within 15 days to propose the remaining case schedule.

**11.    Whether the trial will be jury or non−jury.**

Plaintiff has requested a trial by jury.

**12.    The number of trial days required.**

Plaintiff anticipates a jury trial lasting 7 days. Defendant anticipates a trial lasting 10 days.

**13.    The names, addresses, and telephone numbers of all trial counsel.**

Counsel for Plaintiff:
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *pro hac vice* application forthcoming
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 9

sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, *pro hac vice* application forthcoming
Natalie A. Lyons, *pro hac vice* application forthcoming
Ian R. Bensberg, *pro hac vice* application forthcoming
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, *pro hac vice* application forthcoming
Michael C. Tackeff, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Counsel for Defendants:
John Goldmark, WSBA #40980
Caitlyn Courtney, WSBA #62344
Ardie Ermac, WSBA #60755
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
johngoldmark@dwt.com
caitlyncourtney@dwt.com
ardieermac@dwt.com

**14.     The dates on which trial counsel may have conflicts or other complications to be considered in setting a trial date.**

At this time, the parties are not aware of any conflicts or other complications to be considered when setting a trial date. If a conflict or complication arises, the parties will promptly notify the Court.

**15.     If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why**

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 10

it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

All named defendants have been properly served in this case.

**16.    Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

The parties do not wish to have a scheduling conference in advance of the Court's entry of a scheduling order in this case unless the Court sees fit, then the parties would be happy to attend a scheduling conference with the Court before the entry of a scheduling order.

**17.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1 disclosure statement on December 8, 2025. Dkt. 3.

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus does not apply to Plaintiff.

RESPECTFULLY SUBMITTED AND DATED this 19th day of May, 2026.

STRANCH, JENNINGS & GARVEY, PLLC

By: /s/ *Michael C. Tackeff*
Michael C. Tackeff, admitted *pro hac vice*
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
mtackeff@stranchlaw.com

STRAUSS BORRELLI, LLP
Samuel J. Strauss, WSBA #46971
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
sam@straussborrelli.com

COHENMALAD, LLP
Lynn A. Toops*

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Caitlyn Courtney (w/ permission)*
John Goldmark, WSBA #40980
Caitlyn Courtney, WSBA #62344
Ardie Ermac, WSBA #60755
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
johngoldmark@dwt.com
caitlyncourtney@dwt.com
ardieermac@dwt.com

***Attorneys for Defendant Federici Brands LLC***

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 11

One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com

**\*Applications for admission *pro hac vice*, forthcoming**

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Michael C. Tackeff, hereby certify that on May 19, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

/s/ Michael C. Tackeff
Michael C. Tackeff, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
mtackeff@stranchlaw.com
*Attorneys for Plaintiff and the Proposed Class*

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06108-DGE) – 12