UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH CERKEZOGLU,

                    Plaintiff,

          v.

FEDERICI BRANDS LLC,

                    Defendant.

CASE NO. 3:25-cv-06108-DGE

ORDER DENYING
DEFENDANTS' MOTION TO
DISMISS (DKT. NO. 15)

Before the Court is Defendant Federici Brands LLC's motion to dismiss (Dkt. No. 15) Plaintiff Deborah Cerkezoglu's complaint (Dkt. No. 1-2).  Having reviewed the parties' submissions, the relevant portions of the record, and the applicable law, the Court DENIES Defendant's motion.

## I    BACKGROUND

### A.  Factual Background

Plaintiff alleges Defendant has violated the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA") by "bombard[ing]

ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 15) - 1

Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." (Dkt. No. 1-2 at 3.)  Plaintiff asserts, "[t]his false urgency wastes consumers' time by enticing them to engage with [Defendant's] marketing efforts for fear of missing out and chokes consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short." (*Id.*)  Accordingly, "through this deceptive time-sensitivity, [Defendant] falsely narrows the field—steering consumers away from shopping for better deals—to its own products that must be purchased *now*." (*Id.*)

Specifically, Plaintiff alleges Defendant makes false time scarcity claims through False Limited Time Messages, where marketers create "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." (*Id.* at 5–6) (internal citation omitted).  By creating this pressure, Plaintiff asserts, Defendant "harm[s] consumers by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*." (*Id.* at 6.)  Plaintiff asserts these false time scarcity claims are "a staple" of Defendant's marketing. (*Id.* at 7.)  The complaint identifies various examples of allegedly false or misleading subject lines where Defendant advertised deals available for a limited time, only for Defendant to extend the deal for another day or sometimes several days. (*Id.* at 7–8, 10.)  Plaintiff asserts she received an April 1, 2024 email with the subject line "TODAY ONLY: 25% OFF ALMOST EVERYTHING," a September 23, 2024 email with a subject line including a clock emoji and the phrase 'Final hours!", and an April 1, 2025 email with the subject line "24-HOURS ONLY: 25% OFF ALMOST EVERYTHING." (*Id.* at 10.)

**B. Procedural Background**

Plaintiff initiated this lawsuit in Grays Harbor County Superior Court (Dkt. No. 1-2.)  On December 8, 2025, Defendant removed the case to this Court.  (Dkt. No. 1.)  On January 23, 2026, Defendant moved to dismiss Plaintiff's complaint.  (Dkt. No. 15.)  Defendant asserts Plaintiff's complaint should be dismissed because: (1) Plaintiff fails to allege facts support several elements of her claim under CEMA (*id*. at 12–15), (2) CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") (*id*. at 15–22), (3) CEMA is unconstitutional under the dormant Commerce Clause both facially and as-applied (*id*. at 22–28), (4) Plaintiff's CPA claim is premised entirely on her CEMA claim, and both claims fail (*id*. at 28–29); and (5) Plaintiff fails to allege any facts supporting her claim for actual and treble damages under both CEMA and CPA (*id*. at 29–30).

Based on the stipulation of the Parties (Dkt. No. 18), the Court granted the State of Washington's motion to intervene in the case on March 2, 2026 (Dkt. No. 19).  The matter is now ripe for review.

## II    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (internal citation omitted).

### III    DISCUSSION

#### A. CAN-SPAM Preemption

Defendant argues that CAN-SPAM preempts Plaintiffs claim under CEMA.  (Dkt. No. 15 at 15–22.)  But this Court has already rejected this theory.  *See Liss et al. v. Skechers USA Inc.*, Case No. 2:25-cv-05861-DGE, Dkt. No. 42 at 10–13; *Devivo v. Sheex Inc.*, Case No. 2:25-cv-05807-DGE, Dkt. No. 41 at 7; *see also Stevens-Hills et al. v. Glamnetic LLC*, 3:26-cv-05003-DGE, Dkt. No. 36.  Defendant offers no new argument to persuade the Court to depart from its previous rulings.  Thus, the Court rejects Defendant's preemption argument.

#### B. Constitutionality of CEMA

Defendant next argues that CEMA is unconstitutional both facially and as applied.  (Dkt. No. 15 at 22–28.)  The Court has also rejected this argument.  *See Stevens-Hills et al. v. Glamnetic LLC*, 3:26-cv-05003-DGE, Dkt. No. 36.  Again Defendant offers no new argument to persuade the Court to depart from its previous ruling and the Court thus rejects Defendant's constitutionality argument.

### C. Plaintiff Sufficiently Alleges CEMA Violations

CEMA provides that, "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident" that "[c]ontains false or misleading information in the subject line." Wash. Rev. Code § 19.190.020(1)(b). Defendant argues Plaintiff fails to plead facts showing (1) they actually received all of the emails identified in the complaint, (2) the email subject lines contained false or misleading information, and (3) Defendant knew or had reason to know Plaintiff was a Washington resident. (Dkt. No. 15 at 12–15.)

The Court finds at this stage, Plaintiff alleges sufficient facts to support her CEMA claim, and subsequently her CPA claim, against Defendant. Plaintiff asserts Defendant sends emails to consumers it has reason to know are owned by Washington residents and those emails contain misleading information regarding the urgency of deals in the subject line. (*See* Dkt. No. 1-2 at 9–10.) According to the complaint, Defendant consistently sends emails with subject lines that identify an illusory time limit for a promotion or sale, and Plaintiffs have received at least three of those emails.[1] (*Id.* at 10.) These subject lines include phrases like "24-HOURS ONLY" and "Final hours!" to create a false sense of urgency. (*Id.*) And Plaintiffs contend Defendant sends these emails while never intending to terminate the sale by the described deadline. (*See id*. at 7–8.)

---

[1] Defendant argues that Plaintiffs' complaint may only proceed on the emails they alleged to have *actually received*, as opposed to all of the emails discussed in the complaint. (Dkt. No. 15 at 12.) However, the number of emails Plaintiffs received from Defendant is a factual question the Court will not address at this stage.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 15) - 5

The complaint also alleges multiple methods by which Defendant could know or have reason to know Plaintiff is a Washington resident: (1) Defendant's "sheer volume of [] email marketing" puts it on notice that Washington residents would receive its emails; (2) Defendant may obtain location information when consumers make purchases on its website or self-report to Defendant; (3) Defendant may obtain location information by tracking IP addresses to devices used to open emails and correlating them to physical locations; (4) Defendant "appears to use Klaviyo" which "tells [Defendant] where the recipients of its marketing emails are located using IP geolocation and other data" to manage its email marketing campaign; (5) Defendant may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers; (6) Defendant may obtain location information by using "identity resolution services" which can connect email address to physical location; and (7) Defendant may obtain information upon request from the registrant of Internet domain names contained in email addresses. (*Id.* at 9–10.) The complaint, viewed in the light most favorable to Plaintiffs, alleges sufficient facts to state a plausible claim under CEMA. Defendant's arguments for dismissal are inconsistent with the standards applicable to motions brought under Federal Rule of Civil Procedure 12(b)(6), which require the Court to assume the truth of the allegations in the operative pleading and to draw all reasonable inferences in Plaintiffs' favor. *See*, *e.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Defendant instead invites the Court to

question the truth of the allegations of the complaint and draw inferences *against* Plaintiffs. The Court declines to do so.[2,3]

Finally, Defendant argues that because Plaintiffs fail to allege facts suggesting they sustained actual damages, any claim for actual damages, and subsequently treble damages, should be dismissed. (Dkt. No. 15 at 29–30.) However, "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). Because Plaintiffs have alleged sufficient facts to support a CEMA violation, it is premature to dismiss actual or treble damages at this stage.

**IV    CONCLUSION**

Accordingly, for the reasons discussed, Defendant's motion to dismiss is DENIED. (Dkt. No. 15.)

Dated this 29th day of June, 2026.

David G. Estudillo
United States District Judge

---

[2] For example, Defendant asks the Court to consider the "plausible alternative explanation" that Defendant "extended the offer in response to subsequently developed business conditions." (Dkt. No. 15 at 13.) At the motion to dismiss stage, the Court draws all reasonable inferences in favor of the *nonmoving* party—in this case, Plaintiffs.

[3] Defendant argues that because Plaintiffs' CEMA claims fail as a matter of law, their CPA claims, which are grounded in CEMA violations, necessarily fail. (Dkt. No. 15 at 28–29.) However, because Plaintiffs CEMA claims survive, their CPA claims do as well.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 15) - 7