The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH CERKEZOGLU, on her own behalf
and on behalf of others similarly situated,

Plaintiff,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

FEDERICI BRANDS LLC,

Defendant.

No. 3:25-cv-06108-DGE

DEFENDANT FEDERICI BRANDS LLC'S
MOTION FOR JUDGMENT ON THE
PLEADINGS

NOTE ON MOTION CALENDAR:
August 7, 2026

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.    BACKGROUND ...........................................................................................................1

    A.    For Years, The Washington Attorney General Read CEMA to Bar Subject Lines Misrepresenting the Nature of the Email. .....................................................1

    B.    *Brown* Changed the Standard and Sparked the CEMA Surge. ............................2

    C.    *Montes* Clarified the CPA's Injury Requirement and Thus CEMA's Scope........3

III.    LEGAL STANDARD....................................................................................................4

IV.    ARGUMENT.................................................................................................................4

    A.    *Montes v. SPARC Group* Requires Objective Economic Loss Caused by the Unfair or Deceptive Act. ....................................................................................5

    B.    *Wright v. Lyft* Applies Only to CEMA Text Message Claims.............................6

    C.    *Wright* and *Montes* Confirm the CPA's Injury and Causation Requirements. ........................................................................................................7

V.    CONCLUSION..............................................................................................................8

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – i
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chen v. Sur La Table, Inc.*,
 655 F. Supp. 3d 1082 (W.D. Wash. 2023)................................................................................2

*Dworkin v. Hustler Mag., Inc.*,
 867 F.2d 1188 (9th Cir. 1989) .................................................................................................4

*El-Shawary v. US Bank Nat'l Ass'n*,
 2021 WL 5177574 (W.D. Wash. 2021) ...................................................................................5

*Gerlinger v. Amazon.Com, Inc.*,
 311 F.Supp.2d 838 (N.D. Cal. 2004) .......................................................................................4

*IDS Prop. Cas. Ins. Co. v. Ivanov*,
 2019 WL 2646112 (W.D. Wash. 2019) ...................................................................................2

*Salom v. Nationstar Mortgage LLC*,
 2024 WL 4436972 (W.D. Wash. 2024) ...................................................................................2

*United States v. Sanft*,
 2021 WL 5283957 (W.D. Wash. 2021) ...................................................................................2

*Yuksel v. Twitter, Inc.*,
 2022 WL 16748612 (N.D. Cal. 2022) ......................................................................................2

*Zweber v. State Farm Mut. Auto. Ins. Co.*,
 39 F. Supp. 3d 1161 (W.D. Wash. 2014)...........................................................................2, 4

**State Cases**

*Anderson v. Valley Quality Homes, Inc.*,
 84 Wn. App. 511 (1997) ..........................................................................................................5

*Assoc. Gen. Contractors of Wash. v. State*,
 2 Wn.3d 846 (2024) .................................................................................................................8

*Brown v. Old Navy, LLC*,
 4 Wn.3d 580 (2025) .........................................................................................................2, 3, 7

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
 105 Wn.2d 778 (1986) ....................................................................................................4, 5, 7

*Hanson v. Carmona*,
 1 Wn.3d 362 (2023) .................................................................................................................8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mielke v. Tacoma RV Ctr., Inc.*,
    30 Wn. App. 2d 1038, 2024 WL 1510663 (2024) ...................................................................5

*Montes v. SPARC Group, LLC*,
    586 P.3d 999 (Wash. 2026)...................................................................................... *passim*

*Race v. Fleetwood Retail Corp. of Wash.*,
    116 Wn. App. 1041, 2003 WL 1901274 (2003) ....................................................................5

*State v. Heckel*,
    122 Wn. App. 60 (2004) .......................................................................................................2

*State v. Heckel*,
    143 Wn.2d 824 (2001) ..........................................................................................................2

*Wright v. Lyft, Inc.*,
    189 Wn.2d 718 (2017) ............................................................................................... *passim*

**State Statutes**

RCW 19.190.020(1)(b) .................................................................................................................7

RCW 19.190.030 .......................................................................................................................4, 6

RCW 19.190.030(3).......................................................................................................................5

RCW 19.190.060 .......................................................................................................................6, 7

RCW 19.190.070 ...........................................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................4

Fed. R. Civ. P. 12(c) ...................................................................................................................1, 4

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – iii
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

The Washington Supreme Court's recent decision in *Montes v. SPARC Group, LLC*, 586 P.3d 999, 1001 (Wash. 2026)[1] made clear that injury under the Washington Consumer Protection Act ("CPA") requires an ***objective*** economic loss; subjective disappointment or claimed deception is not enough.  Plaintiff Deborah Cerkezoglu's sole cause of action arises under the CPA, premised on alleged violations of the Washington Commercial Electronic Mail Act ("CEMA").  To proceed, she must therefore satisfy the CPA's injury requirement as clarified by *Montes*.  Yet Cerkezoglu alleges only that she received emails with allegedly misleading subject lines.  She does not allege that she opened the emails, read them, or spent any money as a result.  Under *Montes*, her receipt of an email is not economic loss and does not constitute "injury to business or property" under the CPA.  Accordingly, her CPA claim fails, and with it her derivative CEMA claim.

## II.    BACKGROUND

### A.    For Years, The Washington Attorney General Read CEMA to Bar Subject Lines Misrepresenting the Nature of the Email.

Well before the putative class period and challenged emails, from at least October 2020 through April 2025, the Washington Attorney General posted guidance on how to comply with CEMA.  For example, the Attorney General advised:

> "One of the easiest ways to tell if an email violates Washington's spam statute is to take a look at the subject line of the email and compare it to the text of the message."

> "If the subject line is NOT deceptive — in that the subject line clearly represents what is being sent — the email does not likely meet this element of the spam statute."

> "Carefully examine the body of the email message as it relates to the email's subject line."

Exs. A & B.[2]  In other words, if an email's subject line accurately reflects the nature of the email, it does not violate CEMA.  At no point did the Attorney General warn that CEMA prohibits

---

[1] The Washington Supreme Court issued *Montes* after Federici's initial motion to dismiss.  Dkt. 15.

[2] All exhibit references are to the exhibits of the Declaration of John Goldmark.  The three Goldmark Declaration exhibits (Exhibits A–C) are publicly available webpages from the Washington Attorney

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 1
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

subject lines that accurately reflect the nature of the email but may be misleading in some other way.  Instead, the Attorney General advised that "the subject line is NOT deceptive … [if] the subject line clearly represents what is being sent." *Id.*

The Attorney General's advice reflected the general understanding at the time.  In 2001, the Washington Supreme Court described, in dicta, the problem CEMA addressed: "When spammers use subject lines 'such as Hi There!, Information Request, and Your Business Records,' it becomes 'virtually impossible' to distinguish spam from legitimate personal or business messages." *State v. Heckel*, 143 Wn.2d 824, 835 (2001) (footnote omitted).  In 2004, the Washington Court of Appeals (in the same case) also focused on whether the subject line misrepresented the nature of the email, ruling that "the subject line was clearly designed to entice the recipient to open the message, … by enticing the recipient to believe that the message might be from a friend or acquaintance or business contact … rather than a commercial advertisement." *State v. Heckel*, 122 Wn. App. 60, 71 (2004).  Courts continued to interpret CEMA this way until at least 2023.  *See, e.g.*, *Chen v. Sur La Table, Inc.*, 655 F. Supp. 3d 1082, 1089–90 (W.D. Wash. 2023) ("CEMA is best interpreted to apply only when the subject line is 'false or misleading' with respect to the commercial nature of the email.").

## B.    *Brown* **Changed the Standard and Sparked the CEMA Surge.**

In April 2025, the Washington Supreme Court altered the prevailing understanding of CEMA with its ruling in *Brown v. Old Navy, LLC*: "To violate [CEMA] subsection (1)(b), an e-

General's website.  *See* Goldmark Decl. ¶¶ 2–4.  The October 17, 2020 and April 10, 2025 webpages were retrieved using the Internet Archive's Wayback Machine.  *See id.* ¶¶ 2–3.

Courts routinely take judicial notice of information contained on state government websites.  *See United States v. Sanft*, 2021 WL 5283957, at *1 (W.D. Wash. 2021) (collecting cases).  And "district courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine." *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (N.D. Cal. 2022) (collecting cases).

Because Federici cites Exhibits A–C to show the Attorney General's public statements on its website, not for the accuracy of those statements, *see, e.g.*, *IDS Prop. Cas. Ins. Co. v. Ivanov*, 2019 WL 2646112, at *3 (W.D. Wash. 2019) ("the Court shall take judicial notice of the fact that the documents exist") (Coughenour, J.); *Salom v. Nationstar Mortgage LLC*, 2024 WL 4436972, at *3 (W.D. Wash. 2024) ("Plaintiffs' requests for judicial notice are granted as to the existence of the documents but not as to the truth of their contents."), and the publicly available webpages are not "subject to reasonable dispute," the Court should take judicial notice of them on this Rule 12(c) motion, *Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1165 (W.D. Wash. 2014) (citing Fed. R. Evid. 201(b)).

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 2
No. 3:25-cv-06108-DGE

mail subject line does not need to deceive consumers about the subject or purpose of the email— it merely needs to contain false or misleading information." 4 Wn.3d 580, 589 (2025). Since *Brown*, the Attorney General has issued new, different guidance, no longer advising that "the subject line is NOT deceptive … [if] the subject line clearly represents what is being sent." *Compare* Exs. A–B (old guidance), *with id.* Ex. C (new guidance).

The plaintiff's bar has capitalized on this unexpected interpretation of CEMA, pouncing on businesses that complied with the Attorney General's and Washington courts' prior interpretation of CEMA. Federici is aware of over 120 CEMA email cases filed since *Brown*, all on substantially the same grounds.

In November 2025, Cerkezoglu sued Federici, alleging she received emails from Federici that misrepresented the "duration or availability of a promotion," Dkt. 1-2 ("Compl.") ¶ 74, because Federici offered a 25% off promotion and later extended it or offered a similar promotion. *Id*. ¶¶ 41–58. Cerkezoglu does not allege Federici sent any emails with subject lines misrepresenting the nature of the email nor that Federici violated the interpretation of CEMA prevailing before April 2025. She merely takes issue with time-limited promotions. *See generally id.* Cerkezoglu challenges sixteen emails allegedly sent between April 2024 and September 2025, only three of which she allegedly received. *Id.* ¶¶ 70–72 & Ex. A. She does not allege that she relied on, read, or even opened any email.

In January 2026, Federici moved to dismiss Cerkezoglu's Complaint, arguing Cerkezoglu fails to allege the requisite false or misleading information, and that CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act and unconstitutional under the dormant Commerce Clause. Dkt. 15. The Court denied the motion, Dkt. 29, and Federici answered the Complaint, Dkt. 30.

**C.     *Montes* Clarified the CPA's Injury Requirement and Thus CEMA's Scope.**

On April 2, 2026, the Washington Supreme Court decided *Montes v. SPARC Group, LLC*, 586 P.3d 999 (Wash. 2026), holding that a plaintiff does not suffer injury to business or property under the CPA when she "purchases—and obtains—the very product she sought to

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 3
No. 3:25-cv-06108-DGE

obtain but does so because the seller misrepresented the product's price history." *Id*. at 1002, 1004–05. The clarity that decision provided set the foundation for a new argument and defense, which Federici now brings.

### III.    LEGAL STANDARD

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1164 (W.D. Wash. 2014) (citation omitted). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the tim[ing] of filing"). Thus, as with a Rule 12(b)(6) motion, a "purely legal question … is susceptible to a motion for judgment on the pleadings." *Gerlinger v. Amazon.Com, Inc.*, 311 F.Supp.2d 838, 843 (N.D. Cal. 2004) (citing *Atel Financial Corp. v. Quaker Coal Co.*, 321 F.3d 924, 925–26 (9th Cir. 2003)).

### IV.    ARGUMENT

Cerkezoglu cannot show injury to business or property as required to establish a CPA claim under the Washington Supreme Court's recent decision in *Montes v. SPARC Group*. Her lack of a cognizable CPA injury dooms both her CPA claim and derivative CEMA email claim.

CEMA does not create a private right of action. Instead, recipients of communications that allegedly violate CEMA may pursue relief under the CPA. *Wright v. Lyft, Inc*., 189 Wn.2d 718, 723, 728 (2017). To prevail on a CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780 (1986).

Certain statutes—including CEMA—declare that their violation also establishes certain elements of the CPA, referred to as per se CPA violations. *See* RCW 19.190.030. A per se violation through a CEMA claim, however, establishes only the first three CPA elements.

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 4
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

CEMA says "the practices covered by this chapter are matters vitally affecting the public interest"—the third element—and "[a] violation of this chapter … is an unfair or deceptive act in trade or commerce … for the purpose of applying the consumer protection act," RCW 19.190.030(3)—the first and second elements.  With a per se CPA violation, plaintiff must still "separately establish[]" injury to business or property and causation, the fourth and fifth elements.  *Anderson v. Valley Quality Homes, Inc*., 84 Wn. App. 511, 516 (1997).  This is because "[a] per se CPA claim allows a plaintiff to satisfy the first three elements of Hangman Ridge."  *El-Shawary v. US Bank Nat'l Ass'n*, 2021 WL 5177574, at *4 n.6 (W.D. Wash. 2021) (Coughenour, J.) (dismissing per se CPA claims for lack of injury and causation), *aff'd sub nom. El-Shawary v. U.S. Bank Natl Ass'n as Tr. for GSR Mortgage Loan Tr. 2006-4F Mortgage Pass-Through Certificate Series 2006-4F*, 2022 WL 17689312 (9th Cir. 2022).[3]  Both the injury and causation elements must arise from the alleged false or misleading practice itself—not merely from the existence of a statutory violation.  *Hangman Ridge*, 105 Wn.2d at 785.  Even assuming a CEMA violation—and thus a per se CPA violation—Cerkezoglu must establish that the misleading subject lines caused injury to her business or property.  She cannot do so.

### A. *Montes v. SPARC Group* Requires Objective Economic Loss Caused by the Unfair or Deceptive Act.

In *Montes*, the Washington Supreme Court clarified the CPA's injury requirement. There, plaintiff purchased leggings for $6 after the retailer advertised they were discounted from $12.50.  586 P.3d at 1002.  Even though the price comparison was allegedly false (i.e., the leggings had never sold for $12.50), the court held that plaintiff did not suffer injury to business or property when she "purchase[d]—and obtain[ed]—the very product she sought to obtain but d[id] so because the seller misrepresented the product's price history."  *Id*. at 1002, 1004–05. This is because plaintiff's "dashed" or "disappointed expectations do not support a CPA claim," even if she had "been manipulated into purchasing the items because she believed she was

---

[3] *See also Mielke v. Tacoma RV Ctr., Inc*., 30 Wn. App. 2d 1038, 2024 WL 1510663, at *5 (2024) (dismissing per se CPA claims for lack of causation); *Race v. Fleetwood Retail Corp. of Wash*., 116 Wn. App. 1041, 2003 WL 1901274, at *6 (2003) (affirming dismissal of per se CPA claim for lack of injury).

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 5
No. 3:25-cv-06108-DGE

getting a bargain." *Id.* at 1002, 1008.  Simply put, "expectations do not count as 'business or property.'" *Id.* at 1006.  Instead, the CPA requires an objective economic loss.  *Id*. at 1008.

Cerkezoglu cannot establish a cognizable CPA injury under *Montes*.  She alleges that Federici sent promotional emails with subject lines offering a 25% off promotion only to later extend or offer a similar promotion.  Compl. ¶¶ 41–58.  For injury and causation, Cerkezoglu vaguely alleges that such subject lines "create a false sense of urgency in consumers' minds— and ultimately, from consumers' wallets."  *Id.* ¶ 5.  As to herself, she alleges only that she received[4] emails with misleading subject lines—not that she opened the emails, clicked on them, purchased any product, or spent any money.  Indeed, nowhere does Cerkezoglu allege that she lost any money or suffered any type of economic harm as a result of the alleged misleading subject lines.  She thus alleges no economic loss and no CPA injury.

Even if Cerkezoglu had purchased a product advertised in the email subject lines, *Montes* forecloses a CPA injury based solely on alleged misrepresentations about the duration or urgency of promotions for that product.  *See Montes*, 586 P.3d at 1006.  A consumer who buys a product at the advertised price has received exactly what they bargained for and thus has not suffered an economic loss.  *Id.* at 1006, 1008.  Any alleged deception concerns only the duration of a promotion—i.e., Cerkezoglu's dashed expectations about getting a limited time deal.  But that is not a cognizable injury under *Montes.*  Her CPA and thus CEMA claims fail.

**B.**     ***Wright v. Lyft* Applies Only to CEMA Text Message Claims.**

Cerkezoglu cannot avoid this conclusion by invoking *Wright*, 189 Wn.2d 718, and asserting that a CEMA violation automatically establishes all five elements of a CPA claim.  *See* Compl. ¶ 96.  *Wright* addressed receipt of unsolicited text messages, where the statutory violation itself (lack of consent) causes economic harm on receipt.  *See* RCW 19.190.060; RCW 19.190.070.  Cerkezoglu's email subject-line claims must go one step further: liability depends on the content of the subject lines, not mere receipt of the email.  *See* RCW 19.190.030.

---

[4] Cerkezoglu failed to allege even ***receipt*** of a subset of the challenged emails, for which no CEMA violation can exist.  *See* Dkt. 15 at 11.

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 6
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The *Wright* court held that an individual who receives "***any*** unsolicited commercial text message[]"—regardless of its content—incurs injury to business or property under the CPA because such text messages impose concrete economic harms "by using limited data and memory of mobile devices." 189 Wn.2d at 731. That is, unsolicited commercial text messages consume limited device memory, use paid data services (i.e., recipients "pay for use when a message is received"), and interrupt the receipt of desired communications. *Id.* at 730, 731 (citing RCW 19.190.060). These harms all arise from receipt of an unsolicited text message, regardless of the message's content. In contrast, the harms addressed in CEMA's email subject-line provision arise only from the email's content—regardless of consent.

Any CPA injury tied to a CEMA violation must stem from the alleged violative act itself, not merely from the existence of a statutory violation. *Hangman Ridge*, 105 Wn.2d at 785 (requiring "a causal link be established between the unfair or deceptive act complained of and the injury suffered"). Thus, a CPA claim based on a CEMA email violation must come from the deception in the subject line, not from the mere receipt of an email.[5] Overuse of inbox storage, bandwidth consumption, and interruption from solicited communications—the harms identified in *Wright*—cannot supply that injury to business or property because they occur regardless of whether the subject line is truthful or deceptive. *Wright*'s text-message reasoning thus does not apply to CEMA's email subject-line provision.

### C.    *Wright* and *Montes* Confirm the CPA's Injury and Causation Requirements.

Read together, *Wright* and *Montes* reinforce the CPA's independent injury requirement. In *Wright*, the statutory violation itself caused injury because unsolicited text messages impose economic costs on recipients "by using limited data and memory of mobile devices." 189 Wn.2d at 731. In contrast, solicited, misleading email subject lines do not impose any incremental

---

[5] The *Brown* court's statement that "CEMA does not require a showing of injury" because the injury is receiving the offending email was pure dicta and exceeded the scope of the certified question. 4 Wn.3d at 592. The certified question asked only whether RCW 19.190.020(1)(b) prohibits emails with a subject line containing "*any* false or misleading information" or whether the prohibition is limited to subject lines with "false or misleading information ***about the commercial nature of the message***." *Id.* at 583 (emphasis added). Regardless, the *Brown* court's statement refers to CEMA itself, and did not purport to address the CPA—the vehicle through which CEMA can be enforced.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

economic harm.  Under *Montes*, deception alone—particularly deception about the magnitude or duration of a sale—does not constitute injury to business or property absent an objective economic loss.  586 P.3d at 1001–02, 1004–05.

Cerkezoglu's contrary reading of *Wright* would create an untenable result.  According to Cerkezoglu, a consumer who received an email with a subject line stating "T-Shirts 50% Off" when the shirts were not actually discounted could recover under the CPA via CEMA, even though the identical misrepresentation asserted directly under the CPA would fail under *Montes* for lack of injury.  Nothing in *Wright* suggests the Court intended such a discordant result.

The better reading is straightforward: *Montes* clarifies the first principle that a CPA violation—even a per se one—requires that the violation cause injury to business or property.  *Wright* represents a limited holding specific to CEMA's text-message provision, where the statutory violation itself (an unsolicited text message) produces the injury identified by the legislature.  This reading harmonizes *Wright* with *Montes* and preserves the CPA's statutory requirement of injury to business or property.  Because Cerkezoglu cannot show any injury to business or property caused by the alleged subject-line misrepresentations—as none could arise from the conduct alleged—Cerkezoglu cannot establish a claim under the CPA or CEMA.[6]

## V.    CONCLUSION

Because Cerkezoglu cannot show objective economic loss—as none could arise from the conduct alleged—Cerkezoglu cannot establish a CPA claim.  Her derivative CEMA claim thus also fails.  The Court should enter judgment on the pleadings in favor of Federici.

---

[6] Reading CEMA to eliminate the CPA's injury requirement for email claims impermissibly rewrites the CPA.  Courts may not rewrite statutes or invade legislative prerogatives.  *Cf. Hanson v. Carmona*, 1 Wn.3d 362, 388 (2023).  And because *Montes* makes clear that a CPA plaintiff must allege and prove objective economic loss to "sue to enforce the [CPA]," 586 P.3d at 1001 (citation omitted), if CEMA allows a consumer to bring a civil action for statutory damages through the CPA without proof of economic loss, it unconstitutionally "alters [the CPA's] criteria" in violation of Article II, Section 37 of the Washington Constitution, *Assoc. Gen. Contractors of Wash. v. State*, 2 Wn.3d 846, 865–66 (2024).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 10th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ John Goldmark*
John Goldmark, WSBA #40980
Caitlyn Courtney, WSBA #62344
Ardie Ermac, WSBA #60755
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Email: johngoldmark@dwt.com
        caitlyncourtney@dwt.com
        ardieermac@dwt.com

*Attorneys for Defendant Federici Brands LLC*

*I certify that this memorandum contains 3,166 words, in compliance with the Local Civil Rules.*

FEDERICI'S MOTION FOR JUDGMENT ON THE PLEADINGS – 9
No. 3:25-cv-06108-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax