The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

DEBORAH CERKEZOGLU, on her own behalf and on behalf of others similarly situated,

Plaintiff,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

FEDERICI BRANDS LLC,

Defendant.

No. 3:25-cv-06108-DGE

DEFENDANT FEDERICI BRANDS LLC'S MOTION TO STAY DISCOVERY

NOTE ON MOTION CALENDAR:
August 3, 2026

FEDERICI'S MOT. TO STAY DISCOVERY
(No. 3:25-cv-06108-DGE)

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

III.  ARGUMENT ......................................................................................................2

    A.  Federici's Rule 12(c) Motion Raises a Dispositive Legal Question.....................4

    B.  Federici's Rule 12(c) Motion Can Be Resolved Without Discovery. ..................5

    C.  Staying Discovery Will Not Prejudice Cerkezoglu. .............................................6

    D.  Discovery Would Pose an Undue Burden on Federici. ........................................8

    E.  Resolving the Rule 12(c) Motion Before Discovery Promotes Judicial Efficiency. ..........................................................................................................10

IV.  CONCLUSION ..................................................................................................11

FEDERICI'S MOT. TO STAY DISCOVERY – i
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alasvand v. Stufft*,
    2025 WL 4699641 (W.D. Wash. 2025) ................................................................................6

*Allen v. Protective Life Ins. Co.*,
    2020 WL 5878276 (E.D. Cal. 2020) ...............................................................................7, 9

*Arcand v. Catalyst Brands LLC*,
    No. 2:25-cv-01445-DGE (W.D. Wash. 2025) ...................................................................9

*Bajwa v. Nat'l Auto Parts Ass'n, LLC*,
    No. 2:25-cv-02280-RAJ (W.D. Wash 2025) ...................................................................11

*Barton v. Bright Solar Mktg. LLC*,
    2025 WL 4684035 (W.D. Wash. 2025) ......................................................................1, 4, 5

*Brown v. Old Navy*,
    No. 2:23-cv-00781-JHC (W.D. Wash. 2023) ..................................................................11

*Chaten v. Van Boening*,
    2010 WL 3938138 (W.D. Wash. 2010) ............................................................................8

*Clardy v. Gilmore*,
    773 F. App'x 958 (9th Cir. 2019) .....................................................................................8

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ............................................................................................8

*Cox v. First Student Inc.*,
    2025 WL 2933761 (W.D. Wash. 2025) ............................................................................3

*Dietz v. Bouldin*,
    579 U.S. 40 (2016)............................................................................................................3

*Gossage v. Off. of Pers. Mgmt.*,
    2025 WL 437752 (W.D. Wash. 2025)...............................................................................8

*Harrington v. Vineyard Vines, LLC*,
    No. 2:25-cv-01115-TSZ (W.D. Wash. 2026) ..................................................................11

*Holmberg v. Gregoire*,
    2009 WL 3248054 (W.D. Wash. 2009)............................................................................8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) ...............................................................................................6

*Jensen v. Cap. One Fin. Corp.*,
   2024 WL 4554408 (W.D. Wash. 2024) ..............................................................................3, 9

*Kempf v. FullBeauty Brands Operations LLC*,
   No. 2:25-cv-01141-TSZ (W.D. Wash. 2026) ........................................................................11

*Kwan v. Clearwire Corp.*,
   2011 WL 1213176 (W.D. Wash. 2011) ...................................................................................8

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) ..............................................................................................2, 4

*Lloyd's Syndicate 2112 v. Meridian Drywall Inc.*,
   2013 WL 4774456 (W.D. Wash. 2013) ...................................................................................6

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ...............................................................................................7

*Lomibao v. AGC Biologics Inc.*,
   2025 WL 2663178 (W.D. Wash. 2025) ...................................................................................2

*Merz v. City of Kalama*,
   2025 WL 1193871 (W.D. Wash. 2025) ................................................................................5, 6

*Nissen v. Lindquist*,
   2016 WL 2866303 (W.D. Wash. 2016) ...............................................................................7, 10

*Perdomo v. Fullbeauty Brands Operations LLC*,
   No. 3:25-cv-05844-TSZ (W.D. Wash. 2026) ........................................................................11

*Roberts v. Khounphixay*,
   2018 WL 5013780 (W.D. Wash. 2018) ...................................................................................6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ..............................................................................................3, 5

*S.S. v. Microsoft Corp. Welfare Plan*,
   2014 WL 12641201 (W.D. Wash. 2014) ...............................................................................10

*Sager v. Adamson*,
   2008 WL 4181599 (W.D. Wash. 2008) ...................................................................................8

*Selay Shahpur v. Ulta Salon*,
   No. 2:25-cv-00284-RLP (E.D. Wash. 2026) .......................................................................3, 11

FEDERICI'S MOT. TO STAY DISCOVERY – iii
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Simms v. Sinclair*,
    2019 WL 5862812 (W.D. Wash. 2019) ...................................................................................6

*Subspace Omega, LLC* v. *Amazon Web Servs., Inc.*,
    2024 WL 4451404 (W.D. Wash. 2024) ...................................................................................7

*Taylor v. McDonough*,
    2021 WL 9649333 (W.D. Wash. 2021) ...................................................................................7

*United Fin. Cas. Co. v. Aman Expedite, LLC*,
    2024 WL 4625440 (W.D. Wash. 2024) ...................................................................................6

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
    2010 WL 11682231 (W.D. Wash. 2010) ...............................................................................10

*Williams v. Sampson*,
    2017 WL 1330502 (W.D. Wash. 2017) ...................................................................................5

*Zeiger v. Hotel Cal. by the Sea LLC*,
    2022 WL 1499670 (W.D. Wash. 2022) ...................................................................................7

**State Cases**

*Anderson v. Valley Quality Homes, Inc.*,
    84 Wn. App. 511 (1997) ..........................................................................................................4

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn.2d 778 (1986) .............................................................................................................4

*Montes v. SPARC Grp. LLC*,
    586 P.3d 999 (Wash. Apr. 2, 2026) .............................................................................1, 4, 5, 11

*Wright v. Lyft, Inc.*,
    189 Wn.2d 718 (2017) .............................................................................................................4

**State Statutes**

RCW 19.190.030(3) ...............................................................................................................4

FEDERICI'S MOT. TO STAY DISCOVERY – iv
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

Plaintiff Deborah Cerkezoglu sued Defendant Federici Brands LLC based on allegedly "false or misleading" emails that she never alleges she relied on, read, or even opened—and thus by which she could not have been injured.  She then served sweeping discovery requests, including a 31-topic Rule 30(b)(6) deposition notice.  Her requests expand far beyond her proposed class of Washington residents, seeking discovery on all Federici marketing emails over a four-year period.  Given the Washington Supreme Court's recent ruling in *Montes v. SPARC Group LLC*, 586 P.3d 999 (Wash. Apr. 2, 2026), Federici filed a Rule 12(c) Motion (Dkt. 31) on the threshold case-dispositive question of whether Cerkezoglu has alleged the requisite injury to pursue her CPA and CEMA claims.[1]  To avoid burdening the Court with potentially unnecessary discovery disputes, Federici seeks a brief discovery stay pending the Court's ruling on its Rule 12(c) Motion.  Judges in this District routinely stay discovery in this circumstance and all the relevant factors favor a discovery stay.

*First*, Federici's Rule 12(c) Motion raises a threshold issue—whether Cerkezoglu has alleged cognizable injury—that is "potentially dispositive of the entire case." *Barton v. Bright Solar Mktg. LLC*, 2025 WL 4684035, *1 (W.D. Wash. 2025) (Estudillo, J.) (citation omitted).

*Second*, this threshold legal issue "can be decided without additional discovery." *Id.* (citation omitted).

*Third*, Cerkezoglu will not be prejudiced by a temporary stay given class certification briefing will not commence for almost a year, Dkt. 28, and the Court has not set a trial date.

*Fourth*, requiring Federici to proceed with discovery now would impose significant burdens.  Cerkezoglu's massively overbroad discovery demands voluminous documents, data, and testimony regarding all aspects of every Federici marketing email over four years.

*Fifth*, a stay would promote the "orderly course of justice" because resolving the Rule 12(c) Motion will eliminate the need for discovery, or at least "clarify the scope of the case and

---

[1] "CEMA" refers to Washington's Commercial Electronic Mail Act.  "CPA" refers to Washington's Consumer Protection Act.

FEDERICI'S MOT. TO STAY DISCOVERY – 1
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

simplify the issues of proof and law in this matter moving forward." *Lomibao v. AGC Biologics Inc.*, 2025 WL 2663178, *2 (W.D. Wash. 2025) (Chun, J.).  For this reason, multiple courts have stayed Washington CEMA-CPA actions like Cerkezoglu's, including given the implications of *Montes* on which Federici bases its Rule 12(c) Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Cerkezoglu's Complaint challenges the subject lines of Federici's promotional emails, alleging they "create[d] a false sense of urgency in consumers' minds" by advertising limited-time offers that did in fact conclude, but were later offered again.  *See* Dkt. 1-2 ("Compl.") ¶ 5. Yet Cerkezoglu never alleges she read, opened, or relied on the emails.  Based on that theory, Cerkezoglu seeks to certify a class of Washington residents who received the emails—regardless of whether they read, open, or relied on them.  *See id.* ¶ 103.

In January 2026, Federici moved to dismiss Cerkezoglu's Complaint, arguing Cerkezoglu fails to allege the requisite false or misleading information, and that CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act and unconstitutional under the dormant Commerce Clause.  Dkt. 15.  The Court denied the motion, Dkt. 29, and Federici answered the Complaint, Dkt. 30.  Then, in light of the Washington Supreme Court's recent April 2026 decision in *Montes*, Federici moved for judgment on the pleadings on the ground that Cerkezoglu fails to allege the requisite economic injury and causation elements for a CPA claim, and thus fails to allege a CPA or CEMA claim.  *See* Dkt. 31.  A ruling in Federici's favor on this previously unavailable ground would eliminate Cerkezoglu's lawsuit.

After the Parties held their Rule 26(f) conference, Cerkezoglu served extensive discovery on Federici, including a 31-topic Notice of 30(b)(6) Deposition, 24 requests for production, 13 interrogatories, and 24 requests for admission.  *See* Exs. A–D.[2]

## III.    ARGUMENT

District courts have "wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "[D]istrict courts have the inherent authority to manage their

---

[2] All exhibit citations are to the Declaration of John Goldmark in support of this Motion to Stay.

FEDERICI'S MOT. TO STAY DISCOVERY – 2
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases)).  Exercising that discretion to stay discovery pending resolution of a motion for judgment on the pleadings promotes judicial efficiency by allowing courts to "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

In deciding whether to stay discovery while an early dispositive motion is pending, courts in this District analyze five factors: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  *Cox v. First Student Inc.*, 2025 WL 2933761, *1 n.1 (W.D. Wash. 2025) (Estudillo, J.) (internal quotations omitted) (quoting *Lomibao*, 2025 WL 2663178, *1).  Applying these factors, courts have stayed discovery in similar CEMA cases.  *See, e.g.*, *Selay Shahpur v. Ulta Salon*, No. 2:25-cv-00284-RLP (E.D. Wash. 2026), Dkt. 48 at 3–5 (staying discovery pending resolution of motion to dismiss in CEMA class action); *Jensen v. Cap. One Fin. Corp.*, 2024 WL 4554408, *1 (W.D. Wash. 2024) (Evanson, J) (same, emphasizing the "challenging and expensive" discovery associated with a "putative class includ[ing] tens of thousands or more people").

Here, Federici's Rule 12(c) Motion challenges Cerkezoglu's failure—and ultimate inability—to allege the core elements of a CPA claim (and thus a CEMA claim): economic injury and causation.  Resolving this threshold legal question could eliminate the need for discovery altogether.  Proceeding with discovery now—particularly in a putative class action spanning a four-year period and encompassing any Washington resident who received Federici's promotional emails—would impose substantial and unnecessary burdens on Federici while its dispositive motion is pending.  By contrast, Cerkezoglu will not be prejudiced by a brief delay

FEDERICI'S MOT. TO STAY DISCOVERY – 3
(No. 3:25-cv-06108-DGE)

given the expanded and open case schedule.  A stay therefore advances "the goal of efficiency for the court and litigants."  *Little*, 863 F.2d at 685.

### A.      Federici's Rule 12(c) Motion Raises a Dispositive Legal Question.

Federici's motion presents a threshold reason to dispose of Cerkezoglu's CEMA claim as a matter of law: failure to plead—and inability to establish—injury and causation under the CPA, and thus failure to state a CEMA claim.  Prevailing on the motion would eliminate Cerkezoglu's lawsuit without the need for discovery.  *See Barton*, 2025 WL 4684035, *1 (Estudillo, J.) (staying discovery when resolution of dispositive motion "will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery" (quoting *Pac. Surf Designs, Inc. v. Whitewater W. Indus., Inc.*, 2021 WL 3080061, *2 (S.D. Cal. 2021))).

CEMA does not contain a private right of action, but instead is enforced through the CPA.  To prevail on a CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  Cerkezoglu must establish all elements to prevail on both her CPA and CEMA claims.  *See Wright v. Lyft, Inc.*, 189 Wn.2d 718, 723, 728 (2017).  While CEMA violations create per se CPA violations, such violations establish only the first three CPA elements.  *See* RCW 19.190.030(3).  A plaintiff must still separately establish the fourth and fifth CPA elements: "injury to the plaintiff in his or her business or property" and causation.  *Anderson v. Valley Quality Homes, Inc.*, 84 Wn. App. 511, 515 (1997).  And both the injury and causation elements must arise from the alleged "false or misleading" practice itself—not merely from the existence of a statutory violation.  *Hangman Ridge*, 105 Wn.2d at 785.

The Washington Supreme Court's recent decision in *Montes v. SPARC Group LLC*, issued after Federici's initial motion to dismiss, held that the CPA's "injury to business or property" element requires an ***objective*** economic loss.  586 P.3d at 1001.  In particular, plaintiff's "dashed expectations" or "subjective disappointment" resulting from an alleged

FEDERICI'S MOT. TO STAY DISCOVERY – 4
(No. 3:25-cv-06108-DGE)

misleading representation are insufficient under the CPA. *Id*. at 1004–06. This is because "expectations do not count as 'business or property.'" *Id.* at 1006. "Simply put, disappointment is not a cognizable CPA injury." *Id.* at 1008.

Cerkezoglu cannot plead or establish a cognizable CPA injury under *Montes*. She does not allege she read the subject lines, opened the emails, or purchased a product advertised in them. Without any such allegations, Cerkezoglu can show no injury. Even if Cerkezoglu had purchased a product, she still cannot allege she suffered any economic loss given she "purchase[d]—and obtain[ed]—the very product she sought to obtain," *id.* at 1002, and any "dashed expectations" are not a cognizable CPA injury, *id.* at 1006. Because Cerkezoglu cannot allege economic injury, her CPA and CEMA claims both fail.

A stay is warranted because Federici's Rule 12(c) Motion raises a purely legal question on the sufficiency of Cerkezoglu's allegations and the viability of her theory of liability. *See Williams v. Sampson*, 2017 WL 1330502, *2 (W.D. Wash. 2017) (Coughenour, J.) (stay appropriate "[g]iven the early stage of this case, the nature of the arguments raised in the dispositive motion[], and the fact that the dispositive motion[] ha[s] already noted"). Discovery will not affect the Court's resolution of that issue. *Cf. Merz v. City of Kalama*, 2025 WL 1193871, *2 (W.D. Wash. 2025) (staying discovery when anticipated motion for judgment on the pleadings "will be decided on the plausibility of [plaintiff's] allegations, not his evidence"). Indeed, when a complaint fails to allege the elements of a viable claim, forcing the parties to undertake "costly and time consuming discovery … would represent an abdication of … judicial responsibility." *See Rutman Wine Co.*, 829 F.2d at 738.

**B.    Federici's Rule 12(c) Motion Can Be Resolved Without Discovery.**

The Court can resolve Federici's Rule 12(c) Motion without discovery because the motion challenges Cerkezoglu's theory of liability as a matter of law (not fact), identifying a fatal deficiency in the Complaint and raising a threshold legal issue. *Cf. Barton*, 2025 WL 4684035, *1–2 (Estudillo, J.) (staying discovery when "at least some of the issues" raised in

FEDERICI'S MOT. TO STAY DISCOVERY – 5
(No. 3:25-cv-06108-DGE)

dispositive motion "are questions of law that can be resolved without additional discovery"); *Merz*, 2025 WL 1193871, *2.

Discovery is unnecessary to determine whether Cerkezoglu has met the basic pleading requirements. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12[] motion" and affirming a stay where "the district court accepted the facts alleged by the appellants as true, but found them deficient as a matter of law"); *United Fin. Cas. Co. v. Aman Expedite, LLC*, 2024 WL 4625440, *4 (W.D. Wash. 2024) (Rothstein, J.) (staying discovery where dispositive motion argued that the facts, "as pled" and assumed to be true, undermined plaintiff's legal theory); *Simms v. Sinclair*, 2019 WL 5862812, *1 (W.D. Wash. 2019) (staying discovery when "plaintiff's complaint must stand on its face to survive a motion for judgment on the pleadings"); *Roberts v. Khounphixay*, 2018 WL 5013780, *2 (W.D. Wash. 2018) ("[b]ecause a motion for judgment on the pleadings tests the sufficiency of the allegations of [p]laintiff's complaint, the pending motion can be decided without additional discovery"). The Court can—and should—enter judgment on the pleadings solely based on Cerkezoglu's failure to allege economic injury.

Cerkezoglu's sweeping discovery requests—seeking extensive documents and information regarding promotional emails, marketing campaigns, and other business data—have no bearing on the legal question in Federici's Rule 12(c) motion. That question is "potentially dispositive of the entire case and is not dependent on additional discovery." *Alasvand v. Stufft*, 2025 WL 4699641, *1 (W.D. Wash. 2025) (citing *Roberts*, 2018 WL 5013780, *2).

### C.      Staying Discovery Will Not Prejudice Cerkezoglu.

Cerkezoglu will not suffer any prejudice from a stay other than brief delay. "[B]ecause plaintiff's complaint must stand on its face to survive a motion for judgment on the pleadings, a stay of discovery will not prejudice plaintiff." *Simms*, 2019 WL 5862812, *1. Moreover, when a party "cannot articulate any damage … it will face" "beyond general delay," a "stay is the appropriate course of action." *Lloyd's Syndicate 2112 v. Meridian Drywall Inc.*, 2013 WL

FEDERICI'S MOT. TO STAY DISCOVERY – 6
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4774456, *2 (W.D. Wash. 2013) (Pechman, J.) (staying discovery). Cerkezoglu cannot establish meaningful prejudice for at least four reasons.

First, any delay would be minimal. Courts regularly find little or no prejudice when a case is in its early stages and "any stay is likely to be brief." *See, e.g.*, *Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, *3 (W.D. Wash. 2022); *Nissen v. Lindquist*, 2016 WL 2866303, *1 (W.D. Wash. 2016) (granting stay following amended complaint and second motion to dismiss). In other words, "[d]amage from a brief stay" pending a ruling on an early dispositive motion "is slight." *Taylor v. McDonough*, 2021 WL 9649333, *2 (W.D. Wash. 2021).

Second, a stay would not disrupt any existing case schedule, as Cerkezoglu's motion for class certification is not due for over 10 months (May 28, 2027), Dkt. 28, and the Court has yet to set a trial date. *Cf. Subspace Omega, LLC* v. *Amazon Web Servs., Inc.*, 2024 WL 4451404, *2 (W.D. Wash. 2024) ("a stay will not shorten or otherwise prejudice [p]laintiff's ability to complete discovery, as the Court will allow the Parties to request a new case schedule, if appropriate, after its ruling on the Motion to Dismiss is issued").

Third, Cerkezoglu's request for injunctive relief is irrelevant, as she has not alleged actual harm, Dkt. 15 at 13; Dkt. 21 at 10, nor sought preliminary or emergency relief that would counsel against a brief stay. *See Allen v. Protective Life Ins. Co.*, 2020 WL 5878276, *5 (E.D. Cal. 2020) (granting discovery stay pending ruling on motion to dismiss in proposed class action seeking injunctive relief "to prevent ongoing violations" of statute when plaintiff had "not sought a temporary restraining order or preliminary injunction").

Fourth, a stay would not harm Cerkezoglu. Indeed, as Federici details in its Rule 12(c) Motion, Cerkezoglu does not identify any actual damage she supposedly suffered from receiving the subject emails. Dkt. 31 at 5–6. Cerkezoglu instead—like all CEMA plaintiffs—seeks to recover statutory damages of "$500 per violation" under CEMA. *See* Compl. ¶ 102. She can identify no harm from a brief delay in obtaining statutory damages, or other monetary recovery. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (delay in monetary

FEDERICI'S MOT. TO STAY DISCOVERY – 7
(No. 3:25-cv-06108-DGE)

compensation not cognizable harm); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (discovery stay proper where delay in possible monetary recovery was only prejudice).

Because the only conceivable harm to Cerkezoglu is a brief and routine delay, the prejudice factor favors a discovery stay.

### D.    Discovery Would Pose an Undue Burden on Federici.

Allowing Cerkezoglu to proceed with her discovery requests now would impose on Federici significant "burden and expense of responding to discovery as to claims that may not survive the pleading stage." *Chaten v. Van Boening*, 2010 WL 3938138, *1 (W.D. Wash. 2010); *see also Holmberg v. Gregoire*, 2009 WL 3248054, *1 (W.D. Wash. 2009) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (district court properly stayed discovery that "would be an unnecessary burden and expense before threshold, dispositive issues … were resolved"). Such discovery would thus undermine the purpose of an early dispositive motion: "test[ing] the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery." *Sager v. Adamson*, 2008 WL 4181599, *1 (W.D. Wash. 2008).

The key inquiry is not whether the requests might someday be appropriate in scope; it is whether forcing sweeping, class-wide discovery ***now***—while a dispositive motion is pending and before class certification—imposes avoidable, unnecessary burden "***at this stage***." *Gossage v. Off. of Pers. Mgmt.*, 2025 WL 437752, *2 (W.D. Wash. 2025) (emphasis added) (quoting *Subspace*, 2024 WL 4451404, *2). Discovery would be particularly burdensome here and now given (1) this is a putative class action and (2) Cerkezoglu seeks nationwide discovery that would take weeks, if not months, to provide.

First, this is an expansive class action, and "[t]he burdens associated with discovery in a putative class action are substantial[]." *Kwan v. Clearwire Corp.*, 2011 WL 1213176, *3 (W.D. Wash. 2011) (granting a stay); *see also id.* ("The difference in litigation between a two-party case and a class action is substantial." (quoting *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, *4 (S.D. Cal. 2010))). Broad discovery of the type Cerkezoglu requests is a sufficient

FEDERICI'S MOT. TO STAY DISCOVERY – 8
(No. 3:25-cv-06108-DGE)

"hardship [because Federici would be] forced to expend significant time and resources engaging in individual and class discovery issues that [may be] moot" depending on the outcome of a potentially dispositive motion. *Allen*, 2020 WL 5878276, *1, *6.

Cerkezoglu seeks to represent a class of all Washington residents who received promotional emails from Federici over a four-year period, Compl. ¶ 5, and seeks discovery as to *all* promotional emails Federici drafted or sent to *anyone* over that period. *See* Ex. A at 6–7. In a similar putative class action under CEMA, another court in this District recently recognized that discovery for "tens of thousands or more" Washington residents relating to a marketing campaign was "particularly challenging and expensive," warranting a stay of discovery. *Jensen*, 2024 WL 4554408, *1 (Evanson, J). Similarly, this Court struck all initial case deadlines pending resolution of a dispositive motion in another putative CEMA class action, effectively staying discovery given discovery cannot commence until after the Rule 26(f) conference. *See Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE (W.D. Wash. 2025) (Estudillo, J.), Dkt. 19. The Court should take a similar approach here.

Second, Cerkezoglu's requests demonstrate that discovery while Federici's Rule 12(c) Motion is pending would be unduly burdensome and disproportionate to the needs of the case. Again, while Cerkezoglu purports to represent a class of Washington residents, she seeks nationwide discovery regarding "[a]ll marketing, promotional, or advertising emails sent or caused to be sent by Defendant during the Class Period, including all associated subject lines." Ex. A at 6. Indeed, in her 24 document requests and 31 Rule 30(b)(6) Notice topics to date, Cerkezoglu seeks minute details—through documents, data, and testimony—regarding potentially thousands of emails sent to at least tens of thousands of customers nationwide, as well as those never sent. For example, Cerkezoglu requests:

- "All documents and communications concerning the creation, drafting, testing, review, approval, modification, timing, or dissemination of marketing emails or subject lines." *Id.* at 7.

- "Documents sufficient to identify all email addresses to which Defendant sent marketing emails during the Class Period, including associated names or unique identifiers." *Id.*

FEDERICI'S MOT. TO STAY DISCOVERY – 9
(No. 3:25-cv-06108-DGE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

- ▪ "All documents sufficient to show Your marketing email performance, including open rates, click-through rates, conversion rates, bounce rates, unsubscribe rates, or geographic analytics." *Id.* at 8.

- ▪ "The methods You used during the Class Period to collect, compile, purchase, rent, or otherwise obtain consumer email addresses, including sources and acquisition channels (online purchases, account creation, in-store, contests, etc.)." Ex. B (Rule 30(b)(6) Notice Topics) at 6.

- ▪ "The criteria used to determine which consumers received marketing emails, including segmentation rules, suppression lists, engagement criteria, purchase history filters, and any automated triggers." *Id.*

She also seeks broad testimony regarding, among other things, Federici's marketing governance, control, and compliance; decision-making and approval processes; and contractors, vendors, and service providers. *Id.* at 5.

Those burdensome requests will likely take months to substantively respond to (if responding is even feasible). In particular, identifying and preparing a Federici representative to testify regarding Cerkezoglu's 31 noticed topics would require substantial time and resources that are unnecessary at any stage of the case—let alone this early stage. The Court should relieve Federici from responding to this "expensive and intrusive discovery until the bounds of such discovery are more clearly delineated," after a ruling on Federici's Rule 12(c) Motion. *Nissen*, 2016 WL 2866303, *1.

### E.    Resolving the Rule 12(c) Motion Before Discovery Promotes Judicial Efficiency.

Staying discovery while the Court resolves Federici's Rule 12(c) Motion would "promote efficiency and judicial economy, particularly given the possibility that the claims could be dismissed and discovery and the expenses associated therewith would not be necessary at this time." *S.S. v. Microsoft Corp. Welfare Plan*, 2014 WL 12641201, *1 (W.D. Wash. 2014) (staying discovery because case was "in its infancy" and a stay would "not prejudice either party"). Specifically, a stay "preserves judicial resources because the Court will not be required to address potential motions related to discovery issues that may become moot." *United States v. Ctr. for Diagnostic Imaging, Inc.*, 2010 WL 11682231, *2 (W.D. Wash. 2010).

FEDERICI'S MOT. TO STAY DISCOVERY – 10
(No. 3:25-cv-06108-DGE)

In at least two of the many CEMA cases filed by Cerkezoglu's counsel in the last year,[3] Washington federal courts have recognized the dispositive nature of defendants' motions to dismiss and either stayed or narrowed discovery. *Bajwa v. Nat'l Auto Parts Ass'n, LLC*, No. 2:25-cv-02280-RAJ (W.D. Wash. 2025), Nov. 24, 2025 Minute Order (*sua sponte* vacating initial case deadlines pending motion); *Shahpur*, Dkt. 48 at 5 ("the close timing of the cases and the similar issues suggest efficiency is served by a stay"); *cf. Brown v. Old Navy*, No. 2:23-cv-00781-JHC (W.D. Wash. 2023), Dkt. 26 (granting motion to stay discovery pending motion).

More recently, another court in this District stayed three entire CEMA-CPA actions pending the Ninth Circuit's resolution of the Article III injury question in *Montes v. SPARC Group LLC*, No. 23-35496, in light of the Washington Supreme Court's answer to its certified question on CPA injury. *See Harrington v. Vineyard Vines, LLC*, No. 2:25-cv-01115-TSZ (W.D. Wash. 2026), Dkt. 64; *Kempf v. FullBeauty Brands Operations LLC*, No. 2:25-cv-01141-TSZ (W.D. Wash. 2026), Dkt. 63; *Perdomo v. Fullbeauty Brands Operations LLC*, No. 3:25-cv-05844-TSZ (W.D. Wash. 2026), Dkt. 28. The uncertainty in the Ninth Circuit's interpretation and application of the Washington Supreme Court's decision—standing alone—warrants a discovery stay.

The Court should grant the requested stay to promote judicial efficiency.

## IV. CONCLUSION

For the above reasons, the Court should stay discovery pending resolution of Federici's Rule 12(c) Motion.

---

[3] Cerkezoglu's counsel has filed over 40 CEMA cases in the last year.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ John Goldmark*
John Goldmark, WSBA #40980
Caitlyn Courtney, WSBA #62344
Ardie Ermac, WSBA #60755
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Email: johngoldmark@dwt.com
        caitlyncourtney@dwt.com
        ardieermac@dwt.com

*Attorneys for Defendant Federici Brands LLC*

*I certify that this memorandum contains 3,797 words, in compliance with the Local Civil Rules.*

FEDERICI'S MOT. TO STAY DISCOVERY – 12
(No. 3:25-cv-06108-DGE)