The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CERKEZOGLU, on her own behalf and on behalf of others similarly situated,<br>Plaintiff,<br>and<br>STATE OF WASHINGTON,<br>Plaintiff-Intervenor,<br>v.<br>FEDERICI BRANDS LLC,<br>Defendant. | No. 3:25-cv-06108-DGE<br>DEFENDANT FEDERICI BRANDS LLC'S AMENDED ANSWER TO COMPLAINT<br>JURY DEMAND |

Defendant Federici Brands LLC ("Federici") files this amended answer to Plaintiff Deborah Cerkezoglu's Class Action Complaint ("Complaint"), Dkt. 1-2.[1] To the extent any allegation in the Complaint is not specifically admitted, the allegation is denied. Federici answers the corresponding numbered paragraphs of the Complaint as follows:

## I. INTRODUCTION

1. Federici admits that in 1998 the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised

[1] Federici merged into L'Oréal USA S/D, Inc. ("L'Oréal"), which is Federici's successor in interest.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Code of Washington (RCW). The remainder of Paragraph 1 contains legal conclusions to which no response is required.

2. RCW 19.190.020(1)(b) speaks for itself. Paragraph 2 otherwise contains legal conclusions to which no response is required.

3. Federici denies the allegations in Paragraph 3.

4. Federici admits it markets and sells hair care products under its Color Wow brand.

5. Federici denies the allegations in Paragraph 5.

6. Federici denies the allegations in Paragraph 6.

7. Federici denies the allegations in Paragraph 7.

8. Federici admits that Plaintiff alleges violations of CEMA and the Washington Consumer Protection Act (CPA) for "injuries caused," but otherwise denies the allegations in Paragraph 8, and specifically denies that Federici violated CEMA or the CPA and denies that Plaintiff suffered any cognizable injury.

## II. JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Federici admits it invoked this Court's jurisdiction in its Notice of Removal.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations as venue is most proper in the Western District of Washington.

## III. PARTIES

11. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Federici admits it was a Delaware limited liability company. Federici merged into L'Oréal, which is incorporated in Delaware and has its principal place of business in New York, New York.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. FACTUAL ALLEGATIONS

13. The excerpted quote in Paragraph 13 speaks for itself. Paragraph 13 otherwise contains legal conclusions to which no response is required.

14. The excerpted quote in Paragraph 14 speaks for itself. Paragraph 14 otherwise contains legal conclusions to which no response is required.

15. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and denies them on that basis.

16. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

17. The excerpted quote in Paragraph 17 speaks for itself. Paragraph 17 otherwise contains legal conclusions to which no response is required.

18. Paragraph 18 purports to characterize a journal article. Rather than respond to that characterization, Federici refers to the complete text of the article, which speaks for itself. Federici otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies them on that basis.

19. Paragraph 19 purports to characterize a journal article. Rather than respond to that characterization, Federici refers to the complete text of the article, which speaks for itself. Federici otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies them on that basis.

20. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and denies them on that basis.

21. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and denies them on that basis.

22. Federici lacks information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22 and denies them on that basis. The second sentence of Paragraph 22 purports to characterize an article. Rather than respond to that characterization, Federici refers to the complete text of the article, which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

23. The excerpted quote in Paragraph 23 speaks for itself. Paragraph 23 otherwise contains legal conclusions to which no response is required.

24. The excerpted quote in Paragraph 24 speaks for itself. Paragraph 24 otherwise contains legal conclusions to which no response is required.

25. The excerpted quote in Paragraph 25 speaks for itself. Paragraph 25 otherwise contains legal conclusions to which no response is required.

26. The excerpted quote in Paragraph 26 speaks for itself. Paragraph 26 otherwise contains legal conclusions to which no response is required.

27. The excerpted quote in Paragraph 27 speaks for itself. Paragraph 27 otherwise contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Federici refers to the complete text of the cited case law, which speaks for itself.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Federici refers to the complete text of the cited case law, which speaks for itself.

30. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis. Paragraph 30 also purports to characterize two documents. Rather than respond to that characterization, Federici refers to the complete text of those documents, which speak for themselves.

31. Paragraph 31 quotes from and purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of that cited document, which speaks for itself. To the extent a response is required, Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

32. Paragraph 32 excerpts a quote from a cited document, which speaks for itself. To the extent a response is required, Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

33. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis. Paragraph 33 also purports to characterize a journal article. Rather than respond to that characterization, Federici refers to the complete text of the article, which speaks for itself.

34. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis. Paragraph 34 also purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of the document, which speaks for itself.

35. Federici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and denies them on that basis. Paragraph 35 also purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of the document, which speaks for itself.

36. Paragraph 36 purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of the document, which speaks for itself.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

38. Paragraph 38 purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of the document, which speaks for itself.

39. Paragraph 39 purports to characterize a cited document. Rather than respond to that characterization, Federici refers to the complete text of the document, which speaks for itself.

40. Federici denies the allegations in Paragraph 40.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

41. Paragraph 41 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 41.

42. Paragraph 42 purports to characterize an email subject line and email body. Rather than respond to that characterization, Federici refers to the complete text of the email, which speaks for itself. Federici denies the remaining allegations in Paragraph 42.

43. Paragraph 43 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 43.

44. Paragraph 44 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 44.

45. Federici denies the allegations in Paragraph 45.

46. Paragraph 46 purports to characterize email subject lines. Rather than respond to that characterization, Federici refers to the complete text of the email subject lines, which speak for themselves. Federici denies the remaining allegations in Paragraph 46.

47. Federici denies the allegations in Paragraph 47.

48. Paragraph 48 purports to characterize email subject lines. Rather than respond to that characterization, Federici refers to the complete text of the email subject lines, which speak for themselves. Federici denies the remaining allegations in Paragraph 48.

49. Paragraph 49 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 49.

50. Federici denies the allegations in Paragraph 50.

51. Paragraph 51 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 51.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

52. Paragraph 52 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 52.

53. Paragraph 53 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 53.

54. Federici denies the allegations in Paragraph 54.

55. Paragraph 55 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 55.

56. Federici denies the allegations in Paragraph 56.

57. Paragraph 57 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 57.

58. Paragraph 58 purports to characterize an email subject line. Rather than respond to that characterization, Federici refers to the complete text of the email subject line, which speaks for itself. Federici denies the remaining allegations in Paragraph 58.

59. Paragraph 59 and Exhibit A to the Complaint purport to characterize email subject lines. Rather than respond to that characterization, Federici refers to the complete text of the email subject lines, which speak for themselves. Federici denies the remaining allegations in Paragraph 59.

60. Federici denies the allegations in Paragraph 60.

61. Federici denies the allegations in Paragraph 61.

62. Federici admits that customers may provide some "location information" when making purchases from Federici, but denies that such information identifies residency. Except as expressly admitted, Federici denies the remaining allegations in Paragraph 62.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

63. Federici admits that IP addresses may provide location information which may or may not correlate to the location of devices used to open links in its emails. Federici denies the remaining allegations in Paragraph 63.

64. Paragraph 64 purports to characterize online articles. Rather than respond to that characterization, Federici refers to the complete text of the articles, which speak for themselves. Federici admits that it has used Klaviyo to manage email marketing campaigns. Except as expressly admitted, Federici denies the remaining allegations in Paragraph 64.

65. Federici denies the allegations in Paragraph 65.

66. Federici denies the allegations in Paragraph 66.

67. Federici denies the allegations in Paragraph 67.

68. Federici denies the allegations in Paragraph 68.

69. Federici denies the allegations in Paragraph 69.

70. Federici lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and denies them on that basis.

71. Federici lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and denies them on that basis.

72. Federici lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and denies them on that basis.

73. Federici denies the allegations in Paragraph 73.

74. Federici denies the allegations in Paragraph 74.

## V. CLASS ALLEGATIONS

75. Paragraph 75 contains Plaintiff's characterization of the action to which no response is required. Paragraph 75 also contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations in Paragraph 75, and specifically denies that any class should be certified in this case.

76. Paragraph 76 contains Plaintiff's characterization of the action to which no response is required. Paragraph 76 also contains legal conclusions to which no response is



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

required. To the extent a response is required, Federici denies the allegations in Paragraph 76, and specifically denies that any class should be certified in this case.

77. Federici denies the allegations in Paragraph 77, and specifically denies that any class should be certified in this case.

78. Federici denies the allegations in Paragraph 78, and specifically denies that any class should be certified in this case.

79. Federici denies the allegations in Paragraph 79, and specifically denies that any class should be certified in this case.

80. Federici denies the allegations in Paragraph 80, and specifically denies that any class should be certified in this case.

81. Federici denies the allegations in Paragraph 81, and specifically denies that any class should be certified in this case.

82. Federici denies the allegations in Paragraph 82, and specifically denies that any class should be certified in this case.

83. Federici denies the allegations in Paragraph 83, and specifically denies that any class should be certified in this case.

84. Federici denies the allegations in Paragraph 84, and specifically denies that any class should be certified in this case.

85. Federici denies the allegations in Paragraph 85, and specifically denies that any class should be certified in this case.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

86. The allegations in Paragraph 86 require no response and allege no facts. To the extent a response is required, Federici incorporates its responses to Paragraphs 1 through 74 above.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Federici refers to the complete text of RCW 19.190.020(1)(b), which speaks for itself.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Federici states it merged into L'Oréal, a Delaware corporation. Except as expressly admitted, Federici denies the remaining allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

92. Federici denies Plaintiff is entitled to any relief.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

93. The allegations in Paragraph 93 require no response and allege no facts. To the extent a response is required, Federici incorporates its responses to Paragraphs 1 through 74 above.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Federici refers to the complete text of RCW 19.86.020, which speaks for itself.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, rather than respond to Plaintiff's characterization of RCW 19.190.030, Federici refers to the complete text of the statute, which speaks for itself.

96. Federici denies the allegations in Paragraph 96.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Federici refers to the complete text of RCW 19.190.020(1)(b), which speaks for itself.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Federici states it merged into L'Oréal, a Delaware corporation. Except as expressly admitted, Federici denies the remaining allegations in Paragraph 98.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Federici denies the allegations.

102. Federici denies Plaintiff is entitled to any relief.

## VII. JURY DEMAND

103. Plaintiff's demand for jury trial is not an allegation and does not require a response. To the extent a response is required, Federici denies the allegations in the demand for jury trial.

## VIII. PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is a prayer for relief to which no response is required. To the extent a response is required, Federici denies that Plaintiff or any members of the putative class are entitled to any of the relief sought, and denies that any class should be certified in this case or that Plaintiff may represent any putative class.

## AFFIRMATIVE DEFENSES

Below are Federici's affirmative defenses.[2] By setting forth these affirmative defenses, Federici does not assume any burden of proof as to any fact issue or other element of any cause

[2] L'Oréal succeeds to and is entitled to assert all affirmative defenses available to Federici.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of action that properly belongs to Plaintiff. Federici reserves the right to amend or supplement its affirmative defenses.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert her claims, to represent the purported class, or to seek some or all of the relief sought.

3. Plaintiff and/or any putative class members sustained no injury to business or property.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff and/or any putative class members are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, accord and satisfaction, payment, settlement, and/or estoppel.

6. Plaintiff failed to allege facts supporting actual, compensatory, punitive, exemplary, or liquidated damages.

7. Plaintiff's and/or any class members' claims fail because they are premised on email subject lines that were non-actionable puffery.

8. Plaintiff's and/or any putative class members' claims fail because they are premised on purported misstatements that did not result in any actual injury.

9. Plaintiff's and/or any putative class members' claims fail because they are premised on email subject lines that neither Plaintiff nor any class members relied on to their detriment.

10. Plaintiff's and/or any putative class members' claims fail because Federici did not act with knowledge or intent to transmit any email containing a false or misleading subject line.

11. Plaintiff's and/or any putative class members' claims fail because Federici did not know or have reason to know that it sent any particular email(s) to electronic mail addresses held by Washington residents.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

12. Plaintiff's and/or any putative class members' claims fail because Federici did not use computers located in Washington used to initiate, conspire to, or assist in the transmission of the email(s).

13. Plaintiff's and/or any putative class members' claims fail because the residency of Plaintiff and/or any putative class members was not available, upon request, to Federici from the registrant of the Internet domain names contained in the recipients' email addresses.

14. Awarding Plaintiff and/or any putative class members the relief sought in the Complaint would violate Plaintiff's, and many of the alleged putative class members', rights to due process of law under the United States Constitution. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

15. Awarding Plaintiff and/or any putative class members the relief sought in the Complaint would violate Federici's due process rights as unduly punitive. *See e.g.*, *BMW v. Gore*, 517 U.S. 559, 575, 580 (1996); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121 (9th Cir. 2022).

16. The claims of Plaintiff and/or any putative class members are barred, in whole or in part, because any award of damages would unjustly enrich them.

17. Plaintiff cannot satisfy the prerequisites to certify a class under Rule 23.

18. Plaintiff's claims are barred, in whole or in part, by setoff.

19. The claims of Plaintiff and/or putative class members are barred, in whole or in part, because Federici's conduct was reasonable, justified, and in good faith.

20. Plaintiff and/or putative class members are not entitled to injunctive relief because monetary damages, or another legal remedy, can fully compensate them for their alleged damages.

21. Plaintiff and/or any putative class members are not entitled to damages because any such damages are speculative, excessive, arbitrary, unjust, unauthorized, or insufficiently certain. The Court can, and should, equitably reduce any statutory and/or treble damages.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESERVATION**

Federici reserves the right to supplement, amend, or modify its answer and affirmative defenses, as appropriate, based on information obtained during the course of this litigation, and expressly reserves all defenses that may be available on the claims of putative class members, in the event a class of some kind is certified.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Federici prays as follows:

1 That Plaintiff's Class Action Complaint be dismissed with prejudice;

2 That this Court deny Plaintiff's request to certify this case as a class action;

3 That Plaintiff and the purported class take nothing by way of relief requested against Federici;

4 That Federici be awarded its costs and reasonable attorneys' fees against Plaintiff in defending this action, as authorized by applicable law; and

5 That the Court award such additional and further relief to Federici as may be just and equitable under the circumstances.

DATED this 31st day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By */s/ John Goldmark*
John Goldmark, WSBA #40980
Caitlyn Courtney, WSBA #62344
Ardie Ermac, WSBA #60755
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Email: johngoldmark@dwt.com
caitlyncourtney@dwt.com
ardieermac@dwt.com

*Attorneys for Defendant Federici Brands LLC*